UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Yan En Lao, individually and on behalf of All Other
Employees Similarly Situated,

                                        Plaintiff,

                - against -

The Suma Sushi NYC, Inc. d/b/a Suma Sushi, Li Wen
    Qiu, Guofeng Chen, and Guo Xun Chen,

                                        Defendants.

Case No.

**COLLECTIVE & CLASS
ACTION COMPLAINT**

Plaintiff Yan En Lao ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants The Suma Sushi NYC, Inc., Li Wen Qiu, Guofeng Chen and Guo Xun Chen,, (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1.      This action is brought by Plaintiff, on behalf of himself and all other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, overtime compensation for all hours worked over forty (40) each workweek, and "spread of hours" pay for each work day whose interval between beginning and end exceeds 10 hours.

3.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of federal and state labor laws by engaging in a pattern and practice of unlawfully retaining part or all of tips owed to Plaintiff who worked as a delivery worker in violation of Section 203(m) of the Fair Labor Standards Act and Sections 196-d and 650 et seq. of New York Labor Law.

4.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to New York Labor Law §190 et seq., and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) unlawful gratuities reduction (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of gratuities reduction, unpaid wages and minimum wages, unpaid overtime wages, and spread of hours premiums pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post judgment interest; (7) attorney's fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

8.      Plaintiff Yan En Lao is an individual residing in Queens, New York.

9.      Plaintiff Yan En Lao was employed to work as a delivery worker by Defendant's restaurant located at 964 Amsterdam Avenue, New York, NY 10025 from approximately July 2007 to August 22, 2017.

**DEFENDANTS**

10.      Defendant The Suma Sushi NYC, Inc. d/b/a Suma Sushi is a domestic business corporation organized under the laws of the State of New York with a principal business address at 964 Amsterdam Avenue, New York, NY 10025.

11.      Upon information and belief, Defendant The Suma Sushi NYC, Inc. d/b/a Suma Sushi, is a restaurant that had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.      Upon information and belief, Defendant The Suma Sushi NYC, Inc. d/b/a Suma Sushi purchased and handled goods moved in interstate commerce.

13.      Upon information and belief, Defendant Li Wen Qiu is the owner, officer, director, manager, shareholder, and/or agent  of The Suma Sushi NYC, Inc. d/b/a Suma Sushi located at 964 Amsterdam Avenue, New York, NY 10025, and  participated  in  the  day-to-day  operations of  Suma Sushi and  acted  intentionally  and  maliciously  and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL  §2  and  the regulations  thereunder,  and  is  jointly  and  severally  liable with the above-mentioned corporate defendant. (See Exhibit 2)

14.      Upon information and belief, Defendant Li Wen Qiu owns the stock of Suma Sushi and manages and makes all business decisions including but not limited to hiring and firing the

employee, the amount in salary the employee will receive and the number of hours the employee will work, and management and/or access to payroll records. (See Exhibit 3)

15.    Upon information and belief, Defendant Guo Xun Chen is the owner, officer, director, manager, shareholder, and/or agent  of The Suma Sushi NYC, Inc. d/b/a Suma Sushi located at 964 Amsterdam Avenue, New York, NY 10025, and  participated  in  the  day-to-day operations  of  Suma Sushi  and  acted  intentionally  and  maliciously  and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL  §2 and  the  regulations  thereunder,  and  is  jointly  and  severally  liable  with the above-mentioned corporate defendant. (See Exhibit 2)

16.    Upon information and belief, Defendant Guo Xun Chen owns the stock of Suma Sushi and manages and makes all business decisions including but not limited to hiring and firing the  employee,  the  amount  in  salary  the  employee  will  receive  and  the  number  of  hours  the employee will work, and management and/or access to payroll records. (See Exhibit 3)

17.    At all times relevant herein, The Suma Sushi NYC Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

## STATEMENT OF FACTS

18.    Defendants  committed  the  following  alleged  acts  knowingly,  intentionally  and willfully.

19.    Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, unlawful retention of tips, and failure to provide the required wage notice at the time of hiring  and  failure  to  provide  a  correct  wage  statement  with  every  payment  of  wages  would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

20.     From approximately July 2007 to August 22, 2017, Plaintiff was hired by Defendants to work as a delivery worker for Defendants' restaurant Suma Sushi located at 964 Amsterdam Avenue, New York, NY 10025.

21.     Defendants did not compensate Plaintiff for all hours worked, or paid Plaintiff minimum and overtime compensation according to state and federal laws.

22.     From approximately July 2007 to 2014, Plaintiff worked six days per week with Saturday off.

23.     During this time period, Plaintiff worked from 11:00 am to 11:00pm without any break Monday through Friday; and he worked from 3:00 pm to 11:00pm without any break on Sunday. Therefore, Plaintiff worked approximately 68 hours per week during this period.

24.     During this period, Plaintiff was paid a fixed daily rate of $100 regardless of the hours worked and he was not paid for all hours worked.

25.     From 2014 to August 22, 2017, Plaintiff worked six days per week with Saturday off.

26.     During this period, Plaintiff worked the following schedule: On Monday, Tuesday, Thursday and Friday, Plaintiff worked from 11:00 am to 11:00 pm; On Sunday and Wednesday, Plaintiff worked alternating schedules, i.e., from 3:00 pm to 11:00 pm for one week and from 5:00pm to 11:00 pm the next week.  Therefore, Plaintiff worked on average 62 hours per week.

27.     Plaintiff was paid a fixed monthly rate of $1,300 regardless of the hours worked and he was not compensated for all hours worked.

28.     On any given work day, Plaintiff did not have any uninterrupted break time.

29.     Upon information and belief, Defendants retained 10% of tips per order earned by Plaintiff from online platforms such as Grubhub and Seamless.

30.     Plaintiff delivered about 20 to 30 online orders per work day since approximately August 2016. Plaintiff received $20 to $30 daily from the "tip pool" for online orders. Upon information and belief, the tips for online orders range from $2.30 to about $5.00. Therefore, Defendants retained at least approximately $50 to $75 daily in tips earned by Plaintiff.

31.     By unlawfully retaining part or all of the tips earned by Plaintiff, Defendants prevented Plaintiff from retaining all of the tips he should have received in violation of NYLL §196-d.

32.     Plaintiff was not required to keep track of his time, nor to his knowledge did the Defendant utilize any tracking device, such as punch cards or sign in sheets, that accurately recorded his actual hours worked.

33.     Plaintiff regularly worked more than ten (10) hours in a workday. However, Defendants willfully and intentionally failed to compensate Plaintiff with an additional one hour's pay at the full minimum wage for each day his workday exceeded ten (10) hours, as required spread-of-hours pay under New York law.

34.     Defendants failed to give notice to Plaintiff of their intention to take tip credits in violation of Section 203(m) of the Fair Labor Standards Act and 12 NYCRR §142.

35.     Defendants failed to compensate Plaintiff for minimum wage and/or overtime compensation according to state and federal laws.

36.     Defendants did not provide Plaintiff with a wage notice, at the time of his hiring, in English and in Mandarin (the primary language identified by Plaintiff), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

37.     Defendants also did not provide Plaintiff with proper statement of wages with each wage payment, as required by NYLL §195(3).

38.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

39.     Defendants knew that the nonpayment of minimum wages, overtime premium and the "spread of hours" premium would economically injure Plaintiff, and the Class Members by their violation of federal and state laws.

40.     While employed by Defendants, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime.

41.     The work days of Plaintiff and Class Members always lasted longer than 10 hours.

42.     Defendants did not pay Plaintiff and the Class Members New York's "spread of hours" premium for every day in which they worked over 10 hours.

43.     Defendants did not provide Plaintiff and Class Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay.

44.     Defendants' unlawfully retained part or all of the gratuities earned by Plaintiff and other Class Members.

45.     Defendants committed the foregoing acts against the Plaintiff, and the FLSA Collective.

46.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

47.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA

and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

48.    Defendants knowingly and willfully operated their business with a policy of unlawfully retaining and preventing Plaintiff and other similarly situated employees from receiving their amount of tips they were supposed to receive.

49.    Under the FLSA, Plaintiff is entitled to a credit for expenses for tools of trade.

50.    The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

51.    Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants. Specifically, Plaintiff was required to spend $12,500 for the purchase of five motorcycles for making the deliveries, $65 monthly expense for gas, $1000 per year for the repair and maintenance, and $1200 to $1500 per year on average for parking tickets to make the deliveries for Defendants' customers.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52.    Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action

Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

53.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

54.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

55.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

56.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA;

c. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

57.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

58.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

59.     Plaintiff bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt employees of Defendants at King Wok on or after

the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

60.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

61.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

62.    Plaintiff' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, gratuities violation, and "spread of hours" compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

63.    Plaintiff can fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

64.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

65.    Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

66.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Defendants paid Plaintiff and Class members the New York minimum wage for all hours worked;

c. Whether Plaintiff and Class members were paid proper overtime compensation for all hours they worked over 40 under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class "spread of hours" pay  as  required  by  the New York Hospitality Wage Order;

e. Whether Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by NYLL;

f. Whether Defendants furnished Plaintiff and Class Members correct wage statements with every payment of wages as required by NYLL;

g. Whether Defendants implemented unlawful tip pooling practice that in violation of the New York Labor Law,

h. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

67.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is a covered employee within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

69.    At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

70.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

71.    The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

72.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

73.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

74.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Action Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

77.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

78.     Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III

### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half

times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

81.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

82.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

83.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of  time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours  per  workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

84.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

85.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

86.    Defendants knowingly and willfully disregarded the provisions of  the  FLSA  as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay**

**Brought on behalf of Plaintiff and the Rule 23 Class]**

87.    Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

88.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

89.    Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

90.    Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Hours Pay]

91.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and Part 146 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the State of New York. 12 NYCRR §146-1.6

93.    Defendants' failure to pay Plaintiff and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Failure to Provide Wage Notice at the Time of Hiring]

94.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95.     The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

96.     Due to the Defendants' violation of the NYLL, § 195(1), the Plaintiff is entitled to recover from the Defendants liquidated damages of $50.00 per work day that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

### COUNT VI
### [Violation of New York Labor Law—Failure to Provide Wage Statement]

97.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98.     The Defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

99. Due to the Defendants' violation of the NYLL, § 195(3), the Plaintiff is entitled to recover from the Defendants liquidated damages of $250.00 per work day that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).

100. The Defendants' NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

## COUNT VII

### [Violation of New York Labor Law - Gratuities Violations]

101. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102. NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity [.]"

103. New York Labor Law further prohibits an employer or his agent from demanding or accepting, "directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Labor Law§196-d.

104. Defendants unlawfully retained and/or redistributed to portions of the tips earned by Plaintiffs and the NYLL Class, as such, Defendants did not allow Plaintiff and the Class Members to retain all the tips they earned.

105. Defendants retained part of Plaintiff's gratuities for unauthorized purpose in violation of NYLL § 196-d.

106. Defendants' retention of Plaintiffs' gratuities was willful.

107.    Accordingly, Plaintiff is entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained gratuities and an amount equal of their unlawfully retained gratuities in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-and post-judgment interest, pursuant to NYLL § 198.

## COUNT VIII
### [Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade]

91.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.    At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

93.    Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, that is $12,500 for the purchase of five motorcycles for making the deliveries, $65 monthly expense for gas, $1000 per year for the repair and maintenance, and $1200 to $1500 per year on average for parking tickets.   At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

94.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

### **Prayer for Relief**

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA collective and Rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)      Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issues such notice, to all persons who are presently, or have been employed by defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a class action pursuant to rule 23 of the federal rules of civil procedure;

c)      Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)      Certification of this case as a collective action pursuant to FLSA;

e)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against New China King Kitchen Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)      An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650

et seq., and one hundred percent after September 2011 under NY Wage Theft Prevention Act, and interest;

i)       An award of unpaid overtime wages due under FLSA and New York Labor Law;

j)       An award of unpaid "spread of hours" premium due under the New York Labor Law;

k)       An award of damages for Defendants' failure to provide wage notice at the time of hiring and furnish wage statements with every payment of wages as required under the New York Labor Law;

l)       An award of damages for Defendants' failure to reimburse Plaintiff's expenses for tools of trade under NYLL;

m)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

n)       An award of liquidated and/ or punitive damages as a result of Defendants' willful retention of Plaintiff's tips, failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

o)       An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

p)       The cost and disbursements of this action;

q)       An award of prejudgment and post-judgment fees;

r)       Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall

automatically increase by fifteen percent, as required by NYLL §198(4); and

s)     Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Flushing, NY, November 3, 2017

                                        Respectfully Submitted,

                                        HANG & ASSOCIATES, PLLC
                                        *Attorneys for Plaintiff, Proposed FLSA*
                                        *Collective and Potential Rule 23 Class*

                                        /s/   Jian Hang_____
                                        Jian Hang
                                        13620 38th Ave. Suite 10G
                                        Flushing, NY 11354
                                        Tel: (718) 353-8588
                                        Fax: (718) 353-6288
                                        Email: jhang@hanglaw.com

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Suma Sushi, Guo Xun Chen, Li Wen Qiu and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Lao YANEN*
Full Legal Name (Print)

*YANZN LAO*
Signature

*10/25/2017*
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:     Li Wen Qiu

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yan En Lao and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  The Suma Sushi NYC, Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


      Dated: November 3, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:    Guofeng Chen

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yan En Lao and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  The Suma Sushi NYC, Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: November 3, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:   Guo Xun Chen

     PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yan En Lao and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  The Suma Sushi NYC, Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

     Dated: November 3, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:   The Suma Sushi NYC, Inc.
      964 Amsterdam Ave
      New York, NY 10025

      PLEASE TAKE NOTICE, that Jang Fang Chen and others similarly situated employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

      Dated: November 3, 2017