# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

July 6, 2018

Rui Ma, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: rma@hanglaw.com

**VIA ECF**
The Hon. Judge Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Lao, et al. v. The Suma Sushi NYC, Inc., et al*
             Case No. 17-cv-08531
             Motion for Settlement Approval

Dear Judge Ramos:

Plaintiff Yan En Lao ("Lao"), and Defendants The Suma Sushi NYC, Inc. d/b/a Suma Sushi, Li Wen Qiu, Guofeng Chen, and Guo Xun Chen (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit A.

**Settlement Amount**

Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum and overtime wages, illegal retention of tips, failure to reimburse "tools of trade" and failure to give a wage notice at time of hire, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

Plaintiff Lao alleged that he was formerly employed as a delivery person by Defendants from around July 2007 to August 22, 2017. He alleges that from July 2007 to 2014, he worked approximately sixty-eight (68) hours each week and was paid a fixed monthly salary of $1,000 per month; from 2014 to August 22, 2017, he worked allegedly sixty-two (62) hours per week and received a fixed monthly payment at $1,300 regardless of how many hours he actually worked. Therefore, Plaintiff first claimed that Defendants failed to pay him the applicable minimum wage. Plaintiff also claimed that Defendants failed to pay him for the working hours exceeding forty per week at one and a half times of his regular rate pursuant to the FLSA and NYLL. In addition, Plaintiff claimed that Defendants failed to pay an extra hour's pay for every

1

day that he worked an interval in excess of ten hours pursuant to NYLL. What is more, Plaintiff claimed that Defendants illegally retained part of his tips earned from the online order system, for example the Seamless, and claimed that Defendants failed to reimburse him for the "tools of trade" expenses that he was required to incur to perform his delivery duties. Finally, Plaintiff contended that Defendants failed to provide Plaintiff with wage notices and paystubs as required under the NYLL.

If Plaintiff were to prevail on all of his claims, his back wages owed, exclusive of liquidated damages, would total approximately $128,117.30. This sum does not include liquidated damages, prejudgment interest, and attorney's fees. Defendants' Answer challenged all of Plaintiff's allegations of unlawful practices and policies, including the number of hours, working period, retention of tips, "tools of trade" expenses, and pay rate. Defendants maintain that Plaintiff was properly compensated for all hours worked and was given wage notices and paystubs. If Defendants were to prevail on some or all of their defenses, the amount of unpaid wages or overtime wages owed to Plaintiff would be substantially reduced. Both parties confident that they will be able to prove their allegations through witness testimonies and documentary evidence.

Nevertheless, the parties agreed on the settlement amount of $100,000, inclusive of Plaintiff's attorneys' fees, in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions. Furthermore, Plaintiff recognizes that there will be significant risks in collecting a judgment even if there is one, as the restaurant is not generating a substantial revenue.

The gross settlement amount is $100,000, inclusive of Plaintiff's counsel's attorneys' fees and costs of $33,840 and settlement payment to Plaintiffs of $66,160. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay unpaid overtime wages and failure to give a wage notice at time of hire and this amount considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys and the parties agree that the settlement is fair and reasonable.

**Attorney's Fees**

Pursuant to the Settlement Agreement, of the $100,000 settlement amount, $33,080 is allocated to attorneys' fees and $760 is allocated to costs ($400 filing fee and $360 service cost). The $33,080 in legal fees equals 1/3 of the settlement amount, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiffs' counsel's fees and costs of $33,840 is fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing and attending a mediation, preparing a Complaint, preparing damages calculations, preparing, negotiating with Defendants, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

For the foregoing reasons, Counsel for Plaintiff and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/ Rui Ma*___
Rui Ma, Esq.

cc: all parties (via ECF)